**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ALCANTARA,<br><br>                          Petitioner,<br><br>vs.<br><br><br>L S MCEWEN, Warden,<br><br>                          Respondent. | CASE NO. 12-CV-401 - IEG (DHB)<br><br>**ORDER:**<br><br>**(1) ADOPTING IN FULL REPORT AND RECOMMENDATION [Doc. No. 19];**<br><br>**(2) GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 12];**<br><br>**AND**<br><br>**(3) DENYING CERTIFICATE OF APPEALABILITY.** |

On February 1, 2012, Petitioner Jose Alcantara ("Petitioner"), proceeding *pro se*, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. [Doc. No. 1, Petition.] Presently before the Court is Respondent L S McEwen's ("Respondent") motion to dismiss writ of habeas corpus as untimely. [Doc. No. 12, Mot. to Dismiss.]

The Court referred the matter to Magistrate Judge David Bartick, who issued a Report and Recommendation ("R & R") recommending that Respondent's motion to dismiss be granted. [Doc. No. 19, R & R.] The R & R concludes that the Petition is statutorily barred by the expiration of the limitations period, and is thus untimely.

[Id. at 1.] Petitioner filed a bare bones objection to the R & R on May 7, 2013. [Doc. No. 26, Objection to R & R.]

**DISCUSSION**

"[A] party may serve and file *specific* written objections to the proposed findings and recommendations" of a Magistrate Judge. Fed. R. Civ. P. 72(b) (emphasis added). The Court reviews *de novo* those portions of the R & R to which objections are made. 28 U.S.C. § 636(b)(1). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." Id. In the absence of a timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Comm. Notes (1983) (citing Campbell v. U.S. Dist. Ct., 501 F.2d 196, 206 (9th Cir. 1974)). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Numerous courts have held that a general objection to the entirety of a Magistrate Judge's R & R has the same effect as a failure to object. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by [Rule 72(b)] is, standing alone, a sufficient basis upon which to affirm the judgment of the district court as to this claim"); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 506, 508-09 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."); Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir. 1988) (holding that general objections do not preserve arguments for appellate review and stating that "[a] district judge should not have to

guess what arguments an objecting party depends on when reviewing a magistrate judge's report"); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984) (stating a "word-for-word examination of the entire proceedings before the magistrate . . . was not required" when appellant made only general objections); see also Morris v. Barra, 2013 WL 1190766, at *17 n.11 (S.D. Cal. Mar. 22, 2013); Johnson v. Gains, 2011 WL 765851, at *1-2 (S.D. Cal. Feb. 24, 2011); DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection).

Concerns about judicial economy and efficiency guided these courts' decisions. In Goney, for example, the Third Circuit explained that "providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Id. In Howard, the Sixth Circuit noted that the purpose of the Federal Magistrates Act is to "improve access to the federal courts and aid in the efficient administration of justice." Howard, 932 F.2d at 509 (internal quotation marks omitted).

The Ninth Circuit has also emphasized that "the underlying purpose of the Federal Magistrates Act is to improve the effective administration of justice. . . . A rule requiring automatic de novo review of findings and recommendations to which no one objects would not save time or judicial resources. It would do just the opposite, and defeat the whole purpose of referring the plea to the magistrate judge." Reyna-Tapia, 328 F.3d at 1122.

The sum total of Petitioner's objections to the R & R are as follows: "I, Petitioner, Jose Alcantara, object to the Magistrate Judge's Report and Recommendations [sic]. I object to each fact and decision of law. I ask the court to construe the traverse along with these objections to see how the Magistrate erred in the Report and Recommendation." [Doc. No. 26, Objection to R & R at 1.]

The Court finds persuasive the substantial case law treating general

| | |
|---|---|
| 1 | objections to an R & R the same as no objections in light of the purpose of the |
| 2 | Federal Magistrates Act.  <u>See</u> <u>id.</u>  Thus, the Court reviews the face of the record for |
| 3 | clear error.  <u>See</u> Fed. R. Civ. P. 72, Advisory Comm. Notes.  Having reviewed for |
| 4 | clear error Respondent's motion, Petitioner's opposition brief, and the R & R, the |
| 5 | Court hereby approves and **ADOPTS IN FULL** the R & R.  <u>See</u> 28 U.S.C. § |
| 6 | 636(b)(1). |

## CONCLUSION

In light of the foregoing, and having reviewed the Report and Recommendation, the Court **ADOPTS IN FULL** the Report and Recommendation and **GRANTS** Respondent's motion to dismiss Petition for Writ of Habeas Corpus. The Court also **DENIES** a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**DATED:** August 14, 2013

_____
**IRMA E. GONZALEZ**
**United States District Judge**